**SO ORDERED.**

**SIGNED this 22nd day of October, 2014.**





Robert E. Nugent
United States Chief Bankruptcy Judge

DESIGNATED FOR ONLINE PUBLICATION ONLY

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **DYNAMIC DRYWALL, INC.** | ) | Case No. 14-11131 |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

### ORDER ON JOINT MOTION OF BUILDING CONSTRUCTION ENTERPRISES, INC. AND HARTFORD FIRE INSURANCE CO. FOR RELIEF FROM THE AUTOMATIC STAY

Dynamic Drywall Inc.'s bankruptcy petition stayed any actions against it. Building Construction Enterprises (BCE) and Hartford Fire Insurance Company (Hartford) claim that they should receive relief from the stay for cause so they can continue pre-petition state court litigation in Johnson County, Kansas District Court. In general, pre-petition litigants can be granted that relief if they can show that

-1-

judicial economy would be served by allowing the non-bankruptcy court to complete its work, the parties are ready for trial, the non-bankruptcy proceedings may resolve issues critical to the bankruptcy case, the non-debtor parties are reasonably likely to succeed on the merits, and that the debtor will not be burdened by its defense costs during the pendency of its bankruptcy case.[1]

After lengthy contract litigation among these parties, Dynamic received a judgment in Johnson County court awarding it attorneys fees against BCE, but not Hartford, on April 4, 2014 (the Fee Award). The judgment was entered in a reasoned opinion in which the district court judge invited BCE to file a motion for a "subsequent hearing" at which the parties could present more evidence about whether some of the fees awarded were for services rendered on issues not related to the BCE-Drywall dispute. BCE filed nothing. Then, on May 5, 2014, Drywall appealed the Fee Award to the Kansas Court of Appeals and, on May 21, filed its voluntary petition here.[2]

Now Hartford and BCE seek relief from the stay to defend Dynamic's state court appeal of the Fee Award and to file a motion to "reconsider" the Fee Award in Johnson County District Court.[3] When they argued their motion on August 6, 2014, I granted limited relief to allow all of the parties to pursue their rights in the Fee Award appeal

---

[1] *See In re Curtis,* 40 B.R. 795, 799-800 (D. Utah 1984) (citing 12 factors to be considered in lifting stay to allow pre-petition non-bankruptcy litigation to continue).

[2] Because the thirtieth day, May 4, fell on a Sunday, the notice of appeal was due on May 5, 2014. *See* KAN. STAT. ANN. § 60-206(a)(1)(C) (2013 Supp.).

[3] Dkt. 24.

-2-

through the entry of final judgment.[4] I also invited them to brief whether there was cause to grant stay relief to allow the post-trial state court motion to be filed.[5] After carefully reviewing the Fee Award and the briefs, I conclude that the contemplated post-trial motion for "subsequent hearing" is stayed and that, because BCE and Hartford failed to show cause for any relief, the balance of their motion should be denied. The state trial court has lost jurisdiction of the case because of the pending appeal. Granting stay relief to allow a motion to be filed there would be futile.[6]

**Facts**

The pre-petition state court litigation between Dynamic, BCE, and Hartford arises from a construction contract. BCE was a general contractor that subcontracted with Dynamic to supply labor and materials for building an adult detention facility being erected by the Johnson County, Kansas Public Building Commission (the Commission). Hartford issued the public works statutory payment bond for the project as required by Kansas law. After BCE sued the Commission for breach of contract in

---

[4] *See TW Telecom Holdings Inc. v. Carolina Internet Ltd.,* 661 F.3d 495 (10th Cir. 2011) (automatic stay provision stays all appeals in proceedings that were originally brought *against* the debtor, regardless of whether the debtor is the appellant or appellee); *In re Horizon Womens Care Professional LLC,* 506 B.R. 553 (Bankr. D. Colo. 2014) (pending appeal of state court's attorney fee award against physician arising from the LLC debtor's lawsuit for breach of employment agreement was not subject to the automatic stay).

[5] Dkt. 38.

[6] Debtor Dynamic Drywall, Inc. appears by its attorney Mark J. Lazzo. Movant Building Construction Enterprises, Inc. appears by its attorneys Scott C. Long and Burke D. Robinson. Movant Hartford Fire Insurance Company appears by its attorneys Greta A. McMorris and Lawrence Lerner.

2006, Dynamic intervened and asserted its own breach of contract and bond claim against BCE and Hartford.[7] In October of 2009, BCE prevailed on its contract claims against the Commission. In May of 2010, BCE, Hartford, and Dynamic settled their remaining disputes by BCE and Hartford agreeing to pay Dynamic $325,000 and stipulating to a partial dismissal that reserved to Dynamic the right to seek attorney's fees under its subcontract and the settlement agreement. In July of 2010, Dynamic filed its motion for those attorney's fees and costs, seeking an award of $619,313. In November of 2011, the Johnson County district judge conducted a three day trial on the attorney's fees motion. While that matter was pending, the Commission appealed the judgment entered against it in the contract dispute between it and BCE and Hartford. BCE cross appealed. That appeal was concluded in October of 2013.

On April 4, 2014, two and half years after the 2011 fee application trial, the district judge entered the Fee Award, granting Dynamic judgment against BCE for attorney's fees and expenses of $378,662.10. But, in his summary of the ruling, the judge said that this amount could be adjusted for "legal work not related to the claims and issues involved in the dispute between BCE and DDI [Dynamic], which shall be determined at a subsequent hearing."[8] The opinion contains several other statements

---

[7] *Building Construction Enterprise, Inc. v. Public Building Commission of Johnson County,* Case No. 06cv3708 in the District Court of Johnson County, Kansas.

[8] Dkt. 24-2 at p. 17, Journal Entry of Judgment and Memorandum filed April 4, 2014 and attached as Exhibit B to movants' motion for relief from the automatic stay, hereafter referred to as the Fee Award.

-4-

suggesting that the judge doubted whether BCE should be answerable for all of the fees he assessed. For example, "such attorney fee statement contains significant amounts of time and expense relating to claims and issues for which DDI is not entitled to recover attorney fees . . . ."[9] He noted various inconsistencies in the testimony of the attorney who represented Dynamic in the previous proceedings and whose fees were at issue. Likewise, he questioned the credibility of Dynamic's expert's testimony.

The judge also stated that he had "not examined each line of each billing statement" to determine whether the time spent was related to a Dynamic-BCE disputed issue and that "no specific evidence was provided . . . by either party in order for the Court to discern which entries apply to issues unrelated to the dispute between DDI and BCE."[10] Even so, the judge ruled that Dynamic was entitled to recover fees from BCE[11] in the amount of $378,662.10, "less those items of billing that do not relate to the litigation between BCE and DDI which BCE may bring to the court's attention by a motion to reduce the judgment at a later hearing."[12] Noting that BCE was

---

[9] Fee Award, p. 7.

[10] *Id.* at p.15.

[11] The judge concluded that Hartford was not obligated to pay Dynamic's attorney fees and expenses by virtue of bonding the project or the settlement agreement. *See* Fee Award, pp. 10-13. Presumably, Hartford seeks stay relief here to challenge the fee award there in case the Court of Appeals reverses or alters that part of the judge's ruling exonerating it from liability for attorneys fees under the contract and settlement agreement.

[12] Fee Award, p. 16.

allegedly "judgment proof," the judge further directed that if "BCE wishes to pursue the reduction of attorney's fees and expenses . . . , BCE must bring [unrelated expenses] to the Court's attention by a *motion to reconsider*. . . ."[13] The decretal paragraph of the journal entry provides for a judgment in the above amount, minus any fees and expenses that might be disallowed in a subsequent "later hearing." Because BCE never filed a motion, that hearing never occurred.

Dynamic appealed the Fee Award to the Kansas Court of Appeals, filing its timely notice of appeal on May 5, 2014. Neither BCE nor Hartford cross appealed. The 28-day period in which to file a motion to alter or amend a judgment under KAN. STAT. ANN. § 60-259(f) expired on May 2, 2014 without any motions being filed.[14] Not surprisingly, on June 5, 2014, the Court of Appeals issued a *sua sponte* order directing the parties to show cause why the appeal should not be dismissed as interlocutory, focusing on the "subsequent hearing" language in the journal entry and questioning whether the Fee Award was final.[15] Both parties briefed the issue and, on July 2, 2014, the Court of Appeals entered the following order, quoted in its entirety, "Appeal retained."[16]

---

[13] *Id.*

[14] Kansas law does not recognize a "motion to reconsider" per se. The courts have construed such a motion as a post-trial motion to alter or amend the judgment brought under KAN. STAT. ANN. § 60-259(f) (2013 Supp.). *Honeycutt v. City of Wichita,* 251 Kan. 451, 460, 836 P.2d 1128 (1992); *Hundley v. Pfuetze,* 18 Kan.App. 2d 755, 756, 858 P.2d 1244 (1993).

[15] Dkt. 33-2.

[16] Dkt. 33-5.

Dynamic filed its chapter 11 petition on May 21, 2014. BCE and Hartford jointly moved for stay relief on June 30 seeking (1) to file a post-trial motion in Johnson County District Court to pursue the "subsequent hearing" mentioned in the Fee Award order; and (2) to defend their interests in the Fee Award appeal.[17]

**Analysis**

BCE and Hartford argue that their participation in the ongoing attorney's fee dispute is not stayed because they are defending against Dynamic's affirmative action against them. They also argue that the Johnson County District Court retains jurisdiction to reduce the Fee Award notwithstanding the pending appeal because attorney's fee requests are simply requests for costs that can be decided after the merits of a case have been determined even if the court's decision on the merits has been appealed. They argue that their requesting a "subsequent hearing" is not stayed and that the District Court may hear it at any time. Drywall views this effort as an attack on a property interest of the debtor and further suggests that when BCE and Hartford failed to seek relief from the Fee Award within 28 days, they lost the right to seek its reduction forever.

### A. The "subsequent hearing" is stayed by 11 U.S.C. § 362(a).

The automatic stay imposed by § 362(a)(1) restrains the commencement or continuation of proceedings *against* the debtor while subsection (a)(3) stays actions to obtain possession or control over debtor's property. While the movants are correct that

---

[17] Dkt. 24.

-7-

Case 14-11131   Doc# 112   Filed 10/22/14   Page 7 of 12

defensive actions in cases brought by a debtor are not stayed,[18] this situation is different. The Fee Award is a final order that has been appealed.[19] Asking the district court to reconsider it by reducing the amount of Drywall's judgment is not merely "defensive." It is a collateral attack on a final judgment and having to defend it will burden Drywall by requiring it not only to prosecute its appeal, but also to concurrently defend this motion in the trial court. BCE's and Hartford's effort to reduce the amount of a final judgment owned by the debtor and to require the debtor to fight on multiple fronts would be contrary to the purpose and intent of the automatic stay which was designed to protect a reorganizing debtor's property from acquisitive creditors while it rearranges its affairs.

      B.    **The Fee Award is a final judgment that has been appealed; lifting the stay to allow further trial court proceedings regarding the Fee Award would be futile because the state district court has lost jurisdiction of the case.**

BCE is correct in noting that the Kansas Supreme Court has held that a pending merits appeal does not deprive a trial court of jurisdiction to award costs, including

---

[18] *See Riviera Drilling and Exploration Co. v. Gunnison Energy Corp.*, 412 Fed. Appx. 89 (10th Cir., Jan. 25, 2011) (bankruptcy automatic stay did not void trial court's dismissal of debtor's antitrust lawsuit against defendants for failure to prosecute); *TW Telecom Holdings Inc. v. Carolina Internet Ltd.,* 661 F.3d 495 (10th Cir. 2011) (automatic stay provision stays all appeals in proceedings that were originally brought *against* the debtor, regardless of whether the debtor is the appellant or appellee).

[19] As noted *supra* at page 2-3, this Court has previously granted partial relief from the automatic stay for the parties to pursue and defend the appeal of the Fee Award. *See* Dkt. 66.

attorney's fees, in a case.[20] But, the only appeal on the merits in the state court litigation was the appeal of the court's judgment concerning the contract dispute between BCE and the Commission. That appeal was concluded in October of 2013, before the Fee Award was ever entered. The merits of the contract and bond claims among Dynamic, BCE, and Hartford were settled by stipulation and agreed dismissal orders. In the settlement agreement and agreed dismissal order, the parties expressly reserved the issue of Dynamic's right to claim attorney's fees. When these parties settled the remaining claims in the litigation, BCE's judgment against the Commission became a final judgment from which the Commission appealed while the trial court retained jurisdiction to assess Dynamic's attorney's fees.[21]

The trial court entered its Fee Award as a judgment after a trial on the application. That judgment became final and appealable when BCE and Hartford failed to file post-trial motions.[22] *Dynamic* appealed the Fee Award and neither BCE nor Hartford have cross-appealed. Once Dynamic filed its notice of appeal and the

---

[20] *Moritz Implement Co., Inc. v. Matthews,* 265 Kan. 179, 189-90, 959 P.2d 886 (1998) (foreclosure judgment did not preclude the trial court from determining amount due for attorney fees in the sale confirmation order); *Snodgrass v. State Farm Mut. Auto. Ins. Co.,* 246 Kan. 371, 377-78, 789 P.2d 211 (1990) (decision on merits is a final decision for purposes of appeal and does not require determination of motion for attorney fees attributable to case before filing a timely notice of appeal; claim for attorney's fees is not part of the merits of the action to which the fees pertain).

[21] This procedure is wholly consistent with *Snodgrass, supra.*

[22] Filing post-trial motions would have tolled the appeal time. KAN. STAT. ANN. § 60-2103(a) (2013 Supp.).

-9-

Case 14-11131    Doc# 112    Filed 10/22/14    Page 9 of 12

appeal was docketed, the district court lost jurisdiction of the Fee Award controversy.[23] To conclude otherwise would be to conclude that two state courts could simultaneously exercise jurisdiction over the merits of the Fee Award - the district court and the appellate court. That would risk the two courts' reaching conflicting determinations and would completely disregard the respective statutory jurisdictional grants of each court.[24] No work remains for the trial court to do on the Fee Award unless or until the Court of Appeals remands it for further proceedings.

Because of this lack of jurisdiction, there is no cause to lift the automatic stay under § 362(d)(1) to allow the parties to pursue further litigation in district court. Bankruptcy courts in the Tenth Circuit look to the factors originally listed in *In re Curtis* in determining whether to lift the stay to allow pending litigation to go

---

[23] Dkt. 33-4, p. 28 showing that Dynamic's appeal was docketed on June 3, 2014. *See Martin v. Martin,* 5 Kan. App. 2d 670, 623 P.2d 527 (1981) (trial court can re-examine its rulings only within time allotted by rule for relief from judgment and before appeal is docketed; trial court was without jurisdiction to consider motion for relief from judgment where it was not filed until after appeal from judgment was docketed in the Court of Appeals); *Harsch v. Miller,* 288 Kan. 280, 200 P.3d 467 (2009) (trial court does not have jurisdiction to modify a judgment after it has been appealed and the appeal docketed at the appellate level); *Matter of Robinson's Estate,* 232 Kan. 752, 754, 659 P.2d 172 (1983) (noting general rule that trial court does not have jurisdiction to modify a judgment after it has been appealed and the appeal docketed but the rule does not stay *other proceedings* before the lower court).

[24] *See In re Horizon Womens Care Professional LLC,* 506 B.R. 553 (Bankr. D. Colo. 2014) (even if automatic stay applied to pending appeal of state court's fee award against physician in state court litigation brought by debtor for breach of employment agreement containing a prevailing party provision, allowing completion of fee appeal would not interfere with administration of bankruptcy case; pending appeal was properly venued in state appellate court and state court system was the only forum for final determination of the issue).

forward.[25] Applying these factors allows the bankruptcy court to assess and balance the benefits and burdens to each party of permitting or blocking ongoing prepetition litigation while a bankruptcy case is pending. Among the factors that are relevant in this matter are judicial economy, the potential resolution of issues critical to the bankruptcy case, trial readiness, the likelihood that the non-debtor will succeed on the merits, and the burden of defense costs on the debtor during its reorganization.

Judicial economy will not be served by allowing the non-debtors BCE and Hartford to belatedly attempt to invoke the state trial court's non-existent jurisdiction to consider subject matter identical to that which is under review in the Fee Award appeal – whether and to what extent Dynamic was entitled to attorney's fees and from whom it could recover them. The statutory time in which to seek to alter or amend a judgment, 28 days, has long since expired. Despite the district judge's repeated invitation to do so, BCE never filed the motion. As noted above, my permitting the motion to alter and amend a judgment that is on appeal would allow a second and inferior court to revisit a judgment that is on appeal to the court of appeals. That is the opposite of judicial economy.

The validity and amount of the Fee Award is not a critical issue in the bankruptcy case at this time. Even if it were, the court of appeals must first pass on

---

[25] *In re Curtis,* 40 B.R. 795, 799-800 (D. Utah 1984) (citing 12 factors to be considered). *See also Busch v. Busch (In re Busch),* 294 B.R. 137, 141 (10th Cir. BAP 2003) (noting that *Curtis* factors have been widely adopted by bankruptcy courts); *Carbaugh v. Carbaugh (In re Carbaugh),* 278 B.R. 512, 525 (10th Cir. BAP 2002) ("Cause" for relief from the automatic stay is a discretionary determination made on a case-by-case basis).

-11-

the validity of the judgment and the bankruptcy court is bound to give full faith and credit to the state courts' final order on that issue.

There is no suggestion that the parties are "trial ready." BCE had 28 days in which to file a motion to alter and amend this past May, but didn't. The fee application was tried for three days in November of 2011, nearly three years ago. Even if the stay were lifted to allow this motion to proceed, the parties would require considerable time to gear up to retry a case that they appear to have already tried once before.

Because the district court lacks jurisdiction to alter or amend the appealed judgment, BCE and Hartford cannot hope to succeed on the merits. Allowing them to file the motion now would be untimely and futile. There is no reason to tax the district court with hearing it or Drywall with the costs defending it.

The joint motion of BCE and Hartford for relief from the automatic stay is DENIED, except as previously granted to allow the parties to respectively prosecute and defend the Fee Award appeal.

###