**SO ORDERED.**

**SIGNED this 2nd day of November, 2016.**



_____
Robert E. Nugent
United States Bankruptcy Judge

_____

DESIGNATED FOR ONLINE PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| IN RE: | |
|---|---|
| DYNAMIC DRYWALL INC | Case No. 14-11131<br>Chapter 11 |
| **Debtor.** | |

### ORDER GRANTING IN PART AND DENYING IN PART
### RON D. BEAL'S MOTION TO ALTER OR AMEND JUDGMENT (Doc. 383)

On September 14, 2016 the Court denied the Fourth Interim and Final Application of Ron D. Beal ("Beal") for attorney fees of $33,374, but granted Mr. Beal's request for reimbursement of $2,400 storage expenses made in the same application.[1] Beal was employed as special counsel to the debtor in possession under a contingent fee agreement to pursue claims against Hartford Fire Insurance ("the

---

[1] Doc. 380.

Hartford Matter"). I approved that employment agreement on October 21, 2014.[2] Prior to completion of the litigation, Beal moved to withdraw as counsel on June 25, 2015, and, after Beal and debtor could not agree on a re-negotiated and amended fee agreement, the Court granted his motion on August 19, 2015. The Hartford Matter was subsequently dismissed by stipulation of the parties and in December of 2015, Beal filed his final fee application.[3] Following an evidentiary hearing, the Court issued its Order denying Beal's administrative claim for attorney fees (the "September Order").[4] On September 28, 2016, Beal timely moved to alter or amend that Order and for additional findings.[5]

### *Alter or Amend Legal Standards*

Beal brings this motion under Fed. R. Civ. P. 52(b) and 59(e).[6] The limited grounds or standards for relief from a judgment or order are: (1) an intervening change in the controlling law; (2) new evidence that was previously unavailable; and (3) to correct clear error or prevent manifest injustice.[7] Beal alleges the third ground, clear error, as the basis for relief here. Because the same legal standards apply under either rule, the Court need not separately address Beal's motion under

---

[2] Adv. No. 15-5016.
[3] Doc. 275, 279.
[4] Doc. 380.
[5] Doc. 383. *See* Fed. R. Bankr. P. 9023 and 7052, allowing 14 days to move to alter or amend judgment.
[6] Fed. R. Bankr. P. 9014(c) makes Fed. R. Bankr. P. 7052, and by extension Civil Rule 52(b), applicable to contested matters. Fed. R. Bankr. P. 9023 makes Civil Rule 59(e) applicable in bankruptcy.
[7] *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (Rule 59(e)); *In re Expert South Tulsa, LLC,* 522 B.R. 634, 649-50 (10th Cir. BAP 2014) (Rule 59(e)); *Blann v. Rogers,* No. 11-2711, 2014 WL 6895592, *1 (D. Kan. Dec. 5, 2014) (Rule 52(b)); Wright & Miller, 9C FED. PRAC. & PROC. CIV. § 2582 (3d ed. 2016).

2

each rule. Neither rule permits a losing party to repeat arguments or positions that were previously considered and rejected or to assert new theories that could have been raised previously.[8] Likewise, dissatisfaction with how the court weighed the facts (*i.e.* the determination that Beal was not discharged) or interpreted the case law do not constitute a "manifest error" justifying relief.[9] Those complaints may be pursued by an appeal; a motion to alter or amend is not a substitute for an appeal.[10] Nevertheless, the September Order requires some clarification.

Concerning the denial of hourly fees for work in the Hartford Matter, Beal's motion makes previously unsuccessful arguments; indeed, he readily concedes this fact in his motion. That alone warrants its denial.[11] But Beal is correct that the Court omitted to address his request for a final order authorizing the payment of Beal's fees and expenses that had been approved under prior interim orders and which Beal earned for work on other matters referred to in the September Order as the "Hourly Matters." Those fees and expenses should have been approved.

### *Final Approval of Interim Fees and Expenses on Hourly Matters as Administrative Expenses and Priority Claims*

Beal's Application sought final approval of previous fees and expenses approved by the Court on an interim basis and I failed to address them in the

---

[8] *Sprint Nextel Corp. v. Middle Man, Inc.,* 822 F.3d 524, 536 (10th Cir. 2016).
[9] *In re Fakhari,* 554 B.R. 250, 258 (Bankr. D. Kan. 2016).
[10] *In re Flores,* 535 B.R. 468, 481 (Bankr. D. Mass. 2015); *In re Miles,* 453 B.R. 449, 450 (Bankr. N.D. Ga. 2011); *In re Stivender,* 301 B.R. 498, 501 (Bankr. S.D. Ohio 2003).
[11] He expressly states that his arguments were "previously presented . . . to the Bankruptcy Court," pointing out where in the record he raised the issue. *See* Doc. 383 at p. 2, n.1; p. 6, n.2; p. 9, n.3; p. 10, n.4; p. 16, n. 8; p. 19, n. 9; p. 20, n. 10; p. 27, n. 11; p. 36, n. 12; p. 38, n. 13. This is precisely the type of repetitive arguments that are not permitted by a motion to alter or amend.

3

September Order.[12] Beal was separately employed on a time and expenses basis as special counsel to pursue debtor's construction contract claims against various general contractors and sureties on other construction projects (the "Hourly Matters").[13] I have previously allowed the fees and expenses he requested in connection with those matters on an interim basis.[14] Requests for those payments were made as part of three interim applications filed by counsel to the debtor in possession, Mark J. Lazzo, and approved on an interim basis, as follows.[15]

| Application | Beal's Share | Approved |
| --- | --- | --- |
| Doc. 181 | $19,450.16 | Doc. 190, 04/17/2015 |
| Doc. 204 | $21,264.25 | Doc. 222, 07/10/2015 |
| Doc. 244 | $21,105.27 | Doc. 278, 12/14/2015 |
| **Total** | **$61,819.68** (through June 22, 2015) | |

After reviewing the Hourly Matters fee request under § 330(a)(3), the Court finds that these fees and expenses were reasonable and necessary and that they benefitted the administration of the case. They should be finally approved in the above amounts and allowed as § 503(b) administrative expenses with a second priority under § 507(a)(2). It is undisputed that **$28,369.52** of this amount remains unpaid.[16] There were no objections made to the final approval or amount of these

---

[12] *See* Doc. 275, pp. 1, 6-7.
[13] *See* Doc. 136 and 138.
[14] A very small portion of the expenses approved on an interim basis were expenses incurred on the Hartford Matter. Under Beal's contingent fee agreement, he was entitled to monthly reimbursement of litigation expenses whether or not he was successful on the Hartford claim. *See* Trial Ex. A, ¶ 4.
[15] *See* Docs. 181, 204, 244.
[16] Doc. 275, pp. 5-6.

4

fees and expenses, nor the unpaid balance.[17] The debtor shall pay the outstanding balance of Beal's administrative expenses along with the **$2,400** storage expense allowed by the Court in its September Order. To this extent, Beal's motion to alter or amend and for additional findings is GRANTED.

### *The Denial of Beal's Attorney Fees for the Hartford Matter*

The parties briefed the issues pertaining to allowance of Beal's attorney fees before trial on the Hartford Matter. Beal's opening 37-page memorandum was premised entirely on the factual contention that debtor had terminated him without cause.[18] Beal addressed the *quantum meruit* recovery of fees under § 330(a)(3).[19] Debtor and Legacy Bank's joint brief argued that Beal's employment had been approved under § 328, displacing the § 330 standards for reasonable compensation, and that the terms of his compensation could not be altered in the absence of later arising unanticipated circumstances.[20] Beal's fulsome reply addressed the § 328 employment issue, arguing that Kansas allows reasonable compensation to a contingency fee lawyer who is discharged before the occurrence of the contingency.[21] Beal also submitted a 33-page trial brief that essentially repeated arguments made in his earlier memoranda.[22]

---

[17] Doc. 385, ¶ 1.
[18] Doc. 320.
[19] He argued in the alternative that if non-bankruptcy law applied, state law also supported his right to recover under *quantum meruit*. At the same time, Beal argued that state law did not govern this dispute, seemingly inviting error. Doc. 320, pp. 27-37.
[20] Doc. 326.
[21] Doc. 341.
[22] Doc. 357.

5

After careful review of the September Order and Beal's current Motion, I conclude that my attempt to address *all* of Beal's arguments in the September Order was misguided and confused more than it clarified. In hindsight, once I found as a fact that Beal had not been fired by the debtor in possession and concluded as a matter of law that he had been employed under 11 U.S.C. § 328, there was no need to address his Kansas law *quantum meruit* theory or evaluate the purported hourly fees for the Harford Matter under § 330(a)(3). I have revised and amended the September Order (Doc. 380). I will separately enter it today.

The motion to alter or amend is therefore GRANTED IN PART AND DENIED IN PART accordingly. Beal's fees and expenses for his work on the Hourly Matters are finally approved and ordered paid, along with the storage fees he incurred in the Hartford Matter. The matter being completely resolved, the hearing on Beal's motion, scheduled for November 10, 2016 at 10:30 a.m. is VACATED.

# # #

6